IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS E. BRIDGE, | ) | CV. NO.  11-00035 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FLAGSTAR BANCORP, INC.; | ) | |
| JOHN DOES 1–10; JANE DOES | ) | |
| 1–10; DOE PARTNERSHIPS 1–10; | ) | |
| DOE CORPORATIONS 1–10; AND | ) | |
| DOE ENTITIES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DISMISSING ACTION

On January 18, 2011, Plaintiff Thomas E. Bridge filed a Complaint

against Defendants Flagstar Bancorp, Inc. ("Flagstar"), John Does 1–10, Jane Does

1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe

Entities 1–10 asserting claims pursuant to Section 131(g) of the Federal Truth in

Lending Act ("TILA") and Article 3 of the Uniform Commercial Code.

("Compl.," Doc. # 1.)

According to the Complaint, on November 27, 2007, Plaintiff signed a mortgage agreement with lender Song Ja's Viva Maui Services, Inc. – RM. (Id. ¶ 12.)  The Complaint states that Defendant Flagstar became the new lender of that mortgage sometime between November 27, 2007 and September 29, 2010.  (Id. ¶ 13.)  Plaintiff alleges that Flagstar failed to provide him with notice of "the assignment, sale or transfer of his lender and the new terms that had been agreed to with Flagstar's purchase of the note."  (Id. ¶ 14–15.)  Plaintiff further alleges that Flagstar failed to provide him "a detailed breakdown of fees in violation of their contractual obligations."  (Id. ¶ 22.)  Based on these allegations, Plaintiff seeks rescission of the original mortgage contract, punitive damages, attorneys' fees, and any other relief the court deems appropriate.

On July 5, 2011, Defendant Flagstar filed a Motion to Dismiss the Complaint.  (Doc. # 14.)  On August 8, 2011, the Court issued an Order: (1) Granting Defendant's Motion to Dismiss Complaint; (2) Dismissing Plaintiff's TILA Rescission Claim; and (3) Dismissing Without Prejudice the Remainder of Plaintiff's Complaint.  (Doc. # 23.)  The Court granted Plaintiff leave to amend his Complaint by November 2, 2011.  (See id. at 15.)  The Court advised Plaintiff as follows:

2

Failure to [timely amend] and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly identify the specific causes of action alleged and the factual allegations upon which those claims are based.

(Id. (emphasis in original).)  At a status conference held on November 3, 2011,

Judge Barry M. Kurren extended the deadline to file an amended complaint to

November 28, 2011.

To date, Plaintiff has not filed an amended complaint nor taken further

action in these proceedings.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) provides as follows:

[A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Rule 41(b) grants district courts the authority to sua sponte

dismiss actions for failure to prosecute or for failure to comply with court orders.

See Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke

this sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the

District Courts.").  The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.  Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Id. at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.      Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiff that he must file an amended complaint within thirty days of the Court's October 3, 2011 Order or risk dismissal of the action with prejudice.  (See Doc. # 23 at 15.)  Plaintiff's failure to amend his complaint hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to prosecute this action.  See Yourish v. California

Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  This factor plainly favors dismissal.

## II.   Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action.  See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).  Plaintiff offers no excuse or explanation for his failure to file an amended complaint.  When a party offers no excuse for failing to comply with a court's order, the risk of prejudice to the opposing party weighs in favor of dismissal.  See Yourish, 191 F.3d at 991–92.

## III.   Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal.  Although Plaintiff had failed to state a claim upon which relief could be granted, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiff thirty days to amend his Complaint.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)  ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  The Court then

5

extended that deadline to give Plaintiff an additional 25 days to amend his Complaint.  Plaintiff has given this Court no indication that he intends to prosecute this action.  In fact, to date Plaintiff has taken no further action in these proceedings.  This Court has attempted to explore "possible and meaningful alternatives to dismissal."  Id.  Plaintiff has been non-responsive and noncompliant with respect to these alternatives.  Given Plaintiff's failure to prosecute this action, there is no appropriate alternative to dismissal.

## IV.   Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  It is, however, a plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has failed to discharge this responsibility despite the Court's Order to the contrary.  Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

## CONCLUSION

For these reasons, Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, December 12, 2011.



_____
David Alan Ezra
United States District Judge

Bridge v. Flagstar Bancorp, Inc., et al., Cv. No. 11-00035 DAE-BMK; ORDER DISMISSING ACTION